JOSEPH S. GNACEK, BY HIS WIDOW, VIRGINIA GNACEK, PETITIONER-APPELLANT, v. HERCULES POWDER COMPANY, RESPONDENT-RESPONDENT.

Argued March 7, 1967—Decided March 27, 1967.

*Mr. John V. Burns* argued the cause for appellant.

*Mr. Harold A. Price* argued the cause for respondent (*Mr. William R. Albrecht,* of counsel and on the brief; *Messrs. Schenck, Price, Smith & King,* attorneys).

*Mr. Richard Newman,* Deputy Attorney General, argued the cause for the Division of Workmen's Compensation (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered
PER CURIAM. Petitioner prevailed in the Division of Workmen's Compensation, but the County Court held the judgment was a nullity because the judge of the Division before whom the case was tried was no longer a judge of the Division when he decided the case. We certified the appeal before argument in the Appellate Division.

This matter was tried over a considerable period in the Division. The trial judge, having been nominated or being about to be nominated for judicial office, discussed with counsel the problem confronting him with respect to unfinished cases. There is no doubt that the judge understood the parties

agreed that he should decide the case, whether before or after he assumed his new office. Counsel for the respondent says he understood that the discussion contemplated only expedition in concluding the testimony. Correspondence between counsel and his client reveals his expectation that the case would be decided before the trial judge left the Division, and we accept his statement that this was his expectation. In short, there was a misunderstanding.

The facts in more detail are these: The Governor gave notice on May 3, 1965 of his intention to nominate the judge of the Division to a judicial office. The nomination was submitted on May 10. The concluding testimony was taken on May 11 and 12. The transcribed testimony was delivered to the judge on May 27. He initially contemplated accepting his new appointment on May 31. He actually did so on June 10. The record of the trial, which began on July 23, 1964, consists of 648 pages and the decision runs 78 pages. This case was one of a number the judge had on hand.

From those facts it is evident the judge sought, and thought he had, the agreement of counsel that he should decide the case notwithstanding his movement from one post to another.

The case was in fact decided on January 28, 1966, more than seven months after the judge left the Division. Respondent said and did nothing during that period. When the decision came down, counsel for respondent did not question the judge's authority to act, but on the contrary wrote to the judge on February 3, 1966 saying that full wages had been paid the employee from March 6, 1962 to July 10, 1962 and hence there should be no allowance for temporary disability during that period. The judge agreed and signed an amended judgment on February 15, 1966 to which counsel for respondent appended approval as to form. The authority of the judge to act was not questioned until a later date when respondent appealed to the County Court.

There is not an iota of unfairness to respondent in what transpired. The judge who decided the case is the one

who heard it. He had moved from a *quasi*-judicial office in an administrative agency to a full-time judicial office. The essence of respondent's position is that the officer ceased to be a judge of compensation and the *quasi*-judicial power he had had could not be conferred by consent. Of course, the power to decide a controversy can be conferred by agreement. That is true in arbitration. It is also true in cases of retirement from a court when litigants stipulate to that end. Although the power of office cannot be conferred by litigants, they may be estopped by their agreement to question the termination of that power so long as the public interest is not offended thereby. Here the judge believed he had the stipulation of counsel, and the facts detailed above make plain the reasonableness of his belief.

The main thrust of the letter of May 4, 1966, written by counsel for respondent to the judge in response to the judge's letter expressing surprise at the challenge to his jurisdiction, appears to be, not that the judge said he would decide the case before June 10, 1965, but rather that the judge "never stated that the decision would be rendered subsequent to June 10, 1965." Perhaps the judge's understanding should be dispositive even though respondent misunderstood. In any event the judge undertook to continue in his vacated office for the purpose of deciding this case, and granted that respondent could have objected, respondent made no inquiry or move during the ensuing period of some seven months. More importantly respondent asked for a change in the judgment. It then became too late to complain. Respondent waived its right to object. *Cf.* 30A *Am. Jur., Judges* §§ 253–254, *pp.* 130–131; Annotation, 144 *A. L. R.* 1207, 1217 (1943); *State v. Pillo,* 15 *N. J.* 99, 102, *cert.* denied 348 *U. S.* 855, 75 *S. Ct.* 78, 99 *L. Ed.* 673 (1954) ; *State v. Sagarese,* 34 *N. J. Super.* 126, 132 (*App. Div.*), certif. denied 18 *N. J.* 439 (1955); *Delaware Bay & Cape May R. R. v. Markley,* 45 *N. J. Eq.* 139, 148 (*E. & A.* 1888).

The order of the County Court is reversed and the matter is remanded to the County Court for decision on the merits.

*For reversal and remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.